

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2002

# USA v. Davila

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-3762

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Davila" (2002). *2002 Decisions.* Paper 499.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/499

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3762


UNITED STATES OF AMERICA,

Appellee

v.

IRIS YOLANDA DAVILA,

Appellant

_____


On Appeal from the Convictions and Judgment
of Sentence Entered in the United States
District Court for the Eastern District of Pennsylvania
Crim. No. 99-cr-00505-2
District Judge: Hon. Franklin S. Van Antwerpen


Argued: July 15, 2002

Before: McKee, Weis, and Duhe, Circuit Judges
(Filed: August 13, 2002)


Rania M. Major-Trunfio (Argued)
2732 N. 5th Street
Philadelphia, PA 19133

    Counsel for Appellant


Patrick L. Meehan
Laurie Magid
Robert A. Zauzmer
David E. Troyer (Argued)
Office of the United States Attorney
615 Chestnut, Suite 1250
Philadelphia, PA 19106

    Counsel for Appellee


OPINION OF THE COURT

McKee, Circuit Judge.
    A jury convicted Iris Yolanda Davila of two counts of an indictment charging
drug related offenses.  On appeal, Davila raises various sentencing issues, and argues for
a new trial on the grounds of ineffective assistance of counsel.  For the reasons that
follow, we will affirm.
                                I.
    Inasmuch as we write only for the district court and the parties who are familiar
with the case, we need not recite the factual background except where helpful to our

brief discussion.  We exercise plenary review over sentencing issues Davila raises regarding the application of Apprendi v. New Jersey, 530 U.S. 466 (2000).  See United States v. Barbosa, 271 F.3d 438, 452 (3d Cir. 2001).  We also exercise plenary review over the district court's interpretation of the Sentencing Guidelines, however, the court's factual findings are reviewed for clear error.  See United States v. Butch, 256 F.3d 171, 177 (3d Cir. 2001).

## II.

One month after Davila was convicted, the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000).  Davila argues that under Apprendi, the jury was required to find beyond a reasonable doubt the specific quantity of drugs attributable to her.

Apprendi held that, with the exception of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.  Apprendi specifically expressed no view of the constitutionality of the Sentencing Guidelines, however, as the Guidelines were not before the Court.  See id. at 497 n.21.  The court in Apprendi also concluded that nothing about the notion of requiring a jury verdict for every element of an offense suggests that a judge may no longer use his or her discretion to adjust a sentence within the appropriate sentencing range for a particular offense.  See id. at 481.

In interpreting the contours of Apprendi, we have stated that the Guidelines are essentially a codification of a judge's traditional ability to exercise discretion in sentencing.  See Williams v. United States, 235 F.3d 858, 862 (3d Cir. 2000); United States v. Mack, 229 F.3d 226, 243 (3d Cir. 2000) (Becker, J., concurring).  We have held that, so long as the application of the Guidelines does not increase a sentence beyond the statutory maximum, Apprendi is not implicated.  See Williams, 235 F.3d at 863, citing United States v. Cepero, 224 F.3d 256, 267 n.5 (3d Cir. 2000).

Davila argues that Apprendi requires that the specific quantity of drugs, here 14 kilograms of heroin and crack cocaine respectively, should have been decided by a jury based on proof beyond a reasonable doubt rather than by the court under a preponderance of the evidence standard.  Following trial, the court held an evidentiary hearing and heard testimony regarding the quantity of drugs involved in the conspiracy.  At sentencing, the court found that the government had shown by a preponderance of the evidence that the conspiracy involved 14 kilograms of heroin and 14 kilograms of crack cocaine, and that this amount should be attributed to Davila.  The court then sentenced Davila to life imprisonment.  However, since life imprisonment was already prescribed as the maximum penalty under the statute, the court's finding regarding the specific quantity of drugs had no impact on the maximum penalty Davila faced.  Therefore, Apprendi is not applicable here.

Davila also argues that the court's finding attributing the 14 kilograms of heroin and crack cocaine to her is not supported by the evidence.  Davila argues that the government's evidence regarding the amount of drugs involved in the conspiracy did not specifically implicate her as the person who sold those drugs.

This court has recognized that it can often be difficult to precisely ascertain the amount of drugs involved in large-scale conspiracies.  So long as calculations are not based upon "mere speculation," we have held that "some degree of estimation must be permitted, for the government usually cannot seize and measure all the drugs that flow through a large drug distribution conspiracy."  United States v. Collado, 975 F.2d 985, 998 (3d Cir. 1992).  In addition, where a conspiracy is proven, the district court may take into consideration all reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy in assessing a defendant's culpability.  See U.S.S.G.  1B1.3(a)(1)(B) (2001).

Angel Prieto, a member of the drug ring, testified on behalf of the government at trial.  Prieto testified that during the relevant time period, Davila and her co-conspirator, Axel Santos-Cruz, would receive quantities of « kilogram to 1 kilogram of both heroin and cocaine once or twice a week.  Prieto further testified that Davila would then convert the cocaine into crack cocaine, and sell it.  Prieto's testimony was corroborated by the testimony of undercover Trooper Kelly Cruz and Trooper Jay Lownsbery.  Prieto's testimony was also corroborated by 45 transcripts of recorded telephone calls.  This evidence supports the finding that throughout the course of the conspiracy, Davila and her co-conspirator sold 14 to 56 kilograms of both heroin and crack cocaine. The

district court attributed the lower figure of 14 kilograms to Davila for each of the two drugs at sentencing. Thus, even if Davila did not personally sell that entire amount, the district court may still take into consideration for sentencing purposes the acts of her co-conspirator that were taken in furtherance of the conspiracy. We therefore can not say that attributing 14 kilograms of heroin and crack cocaine to Davila was clearly erroneous.

Davila further argues that the jury, rather than the court, was required under Apprendi to determine whether the conspiracy operated within 1000 feet of a school, in violation of 21 U.S.C. 860, and whether she had a leadership role in the conspiracy.

Under 1B1.3 of the Sentencing Guidelines, a court may take into consideration a defendant's "relevant conduct" in adjusting the sentence. See U.S.S.G. 1B1.3. Such relevant conduct can include a violation of a particular statute, even where there has been no conviction for violating that statute. See id. 1B1.3 n.6.

The court declined to impose a 2-level enhancement for operating a drug house within 1000 feet of a school in violation of 21 U.S.C. 860, as Davila was never indicted or convicted for that offense. Later at sentencing, the court told Davila that the fact that the distribution took place near a school was relevant to the court's consideration of an appropriate sentence. R. at 1223. The court also assessed a 4-level increase for being an organizer or leader of a criminal activity involving five or more participants. The court then sentenced Davila to life imprisonment; the upper end of the statutory and Guidelines maximum.

The evidence clearly established that the drug house was less than 1000 feet from the school. There was testimony at the evidentiary hearing by two witnesses, one of whom was a licensed civil engineer, that the drug house was exactly 848.6 feet from the school, and a total of five maps were admitted into evidence showing the location of the drug house and the school. Under the Guidelines, it is of no moment that Davila was not convicted under 21 U.S.C. 860. It is still within a judge's discretion to consider such conduct even though it was not included in the indictment. Moreover, as noted above, the statutory maximum under Count I is life imprisonment. Therefore, the adjustments the court made for operating a drug house within 1000 feet of a school, and for Davila's leadership role did not increase Davila's sentence beyond the statutory maximum. Consequently, Apprendi is not implicated.

Next, Davila argues that the district court erred by not reducing Davila's sentence under 5K2.13 of the Guidelines due to her "nerves" condition. Davila argues that her unspecified "mental infirmities" are severe enough to support a sentence reduction.

If the district court's decision not to make a downward departure was based upon a belief that it did not have the authority to do so, then we have jurisdiction to determine if the district court's understanding of the law was correct. See United States v. Mummert, 34 F.3d 201, 205 (3d Cir. 1994). However, if the district court's decision was based upon its exercise of discretion, we lack jurisdiction to entertain the argument. See id.; United States v. Powell, 269 F.3d 175, 179 (3d Cir. 2001).

In imposing a life sentence, the court explicitly stated that it was taking many factors into consideration. Among those factors the court listed, was "the nature of the offense, the defendant's history, characteristics, educational, vocational and corrective needs, as well as her needs for mental health treatment and her mental condition." R. at 1223 (emphasis added). The court also considered, "the need for deterrents and protection of the public" as well as "the quantity of drugs . . . and [that] processing took place near a school." Id. The court, therefore, took into consideration Davila's "nerves" condition, but ultimately decided that other more compelling factors weighed in favor of a life sentence. The district court exercised its discretion with respect to evaluating the propriety of granting a downward departure, and consequently we do not have jurisdiction to second guess its decision.

Lastly, Davila claims that she was deprived of effective assistance of counsel. Davila cites to fourteen examples where she feels her trial counsel erred. However, a claim of ineffective assistance of counsel will generally not be entertained by this court on direct appeal. Rather, such a claim must be raised in a collateral proceeding under 28 U.S.C. 2255. See United States v. Rieger, 942 F.2d 230, 235-36 (3d Cir. 1991); 28 U.S.C. 2255 (2002). A narrow exception to this rule applies where the record is sufficient to allow an appellate court to make a determination on the ineffective assistance claim. See United States v. Headley, 923 F.2d 1079, 1082 (3d Cir. 1991).

That is not this case here, however.

Most of the fourteen examples Davila cites are variations of issues already argued in her direct appeal, i.e. trial counsel's failure to argue for lesser culpability due to Davila's "mental infirmities." Others relate to possible tactical decisions, i.e. trial counsel's failure to introduce evidence explaining why Davila was collecting Social Security benefits. This record, however, is not sufficient to resolve Davila's ineffective assistance of counsel claim. If Davila wishes to pursue the ineffective assistance claim, she must raise it under 28 U.S.C. 2255.

Accordingly, for all the reasons set forth herein, we will affirm the convictions and judgment of sentence.

TO THE CLERK:

Please file the foregoing memorandum opinion.

BY THE COURT:

/s/ Theodore A. McKe
Circuit Judges

FOR THE THIRD CIRCUIT

No. 00-3762

UNITED STATES OF AMERICA,

Appellee

v.

IRIS YOLANDA DAVILA,

Appellant

On Appeal from the Convictions and Judgment
of Sentence Entered in the United States
District Court for the Eastern District of Pennsylvania
Crim. No. 99-cr-00505-2
District Judge: Hon. Franklin S. Van Antwerpen

Argued: July 15, 2002

Before: McKee, Weis, and Duhe, Circuit Judges

JUDGMENT

This cause came to be considered on the record from the United States District Court for the Eastern District of Pennsylvania and was argued on July 15, 2002.

On consideration of the arguments made on appeal, it is hereby ORDERED AND ADJUDGED by this Court that the convictions and judgment of sentence of the district court entered October 30, 2000, are hereby affirmed. All of the above in accordance with the opinion of this Court.

Our decision is without prejudice to Appellant's right to file an appropriate petition under 28 U.S.C. 2255.

ATTEST:

Acting Clerk

Dated: 13 August 2002